UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLOTTE L. THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5912** |
| **CONCERNED CARE HOME HEALTH, INC.** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

Before the Court is the plaintiff Charlotte L. Thomas's **Motion for New Trial (Rec. Doc. No. 45)** seeking a new trial to correct manifest error, consider new evidence, and to prevent manifest injustice. The defendant, Concerned Care Home Health, Inc. ("Concerned Care") filed a Memorandum in Opposition (Rec. Doc. No. 46) asserting that Thomas has failed to present any reason for a new trial in this case.

### I.    Procedural Background

Thomas filed this suit pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e seeking to recover damages as a result of her alleged wrongful termination from the employ of Concerned Care.[1] Thomas claimed that she was discharged from her employment after Concerned Care learned that she had filed a race discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") against her former employer, Synergy Home Health ("Synergy"), claiming to have been paid less than similarly situated Caucasian employees.

---

[1] Rec. Doc. No. 1.

This matter was brought before the Court upon consent of the parties for a non-jury trial on January 26, 2015.[2]  After thorough consideration of the testimony and the evidence, the Court resolved that Thomas failed to demonstrate that disclosure or knowledge of her prior EEOC claim against Synergy was the cause for her termination from Concerned Care.  The Court concluded that the cause for her discharge was the record of Thomas's poor job performance and, even if Jody Martin, as owner of Concerned Care, knew of the prior complaint, a fact not proven by plaintiff, Thomas still would have been terminated based on her poor performance and her inability to perform the job for which she was hired.

## II.     Proper Standard of Review

As briefly discussed by the defendant, the plaintiff fails to identify the statutory basis for this motion for new trial and wholly fails to address the proper standard for such motions following a non-jury trial.  As the defendant notes, the proper basis for a motion for new trial following a non-jury trial is that provided under Fed. R. Civ. 59(a)(1)(B).

Rule 59(a)(1)(B) specifies that following a non-jury trial, a motion for new trial may be advanced "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." *Id*.  "A motion for new trial in a non-jury case or a petition for rehearing should be based upon manifest error of law or mistake of fact; a judgment should not be set aside except for substantial reasons." (citation omitted) *Genova v. Town of Independence*, No. 97-726, 1998 WL 337891, at * 1 (E.D. La. June 22, 1998); *see*, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (a motion for new trial must "clearly establish a manifest error of law or fact or must present

---

[2]Rec. Doc. No. 10, 41.

newly discovered evidence."); *see also*, *Pechon v. La. Dep't of Health & Hosps.*, No. 08-0664, 2009 WL 2046766, at *3 (E.D. La. July 14, 2009). A "manifest error" is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Bank One, Texas, N.A. v. FDIC*, 16 F. Supp. 2d 698, 713 (N.D. Tex.1998) ("a manifest error is an obvious mistake or departure from the truth") (internal quotation omitted). On these grounds, the United States Fifth Circuit Court of Appeals has recognized that a new trial may be warranted when "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted); *see also*, *McFadden v. Wal-Mart Stores*, No. 04-2547, 2006 WL 30871464, at *2 (E.D. La. October 27, 2006).

Thus, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999), *cert. denied*, 529 U.S. 1019 (2000). The decision whether to grant a new trial under Rule 59(a) is left to the sound discretion of the trial judge, and the court's authority is large. *In re Omega Protein, Inc.*, No. 04CV2071, 2007 WL 1974309, *2 (W.D. La. July 2, 2007) (citing *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415. 433 (1996)).

### III.  Analysis

Thomas contends that the Court erred in resolving the conflicting evidence in favor of the defendant. She also asserts that the Court erred in failing to impute Sandy Hogan's knowledge of the EEOC complaint to Concerned Care, or to Jody Martin in particular, and in failing to allow her

counsel to cross-examine Martin a second time. To succeed, Thomas must prove a manifest error of law or fact, identify new evidence that would alter the judgment, or show that a manifest injustice will occur or has occurred. Having reviewed the plaintiff's motion, the Court can not find that a new trial is warranted under the foregoing considerations.

Considering Thomas's arguments before the Court, it is clear that she seeks a reassessment of the evidence which has already been dutifully considered by the Court. The plaintiff is reminded of the burden of proof that was required at trial and must not oversimplify the evidence and testimony of the defense witnesses for purposes of this motion. Thomas had the burden of proving the "but-for" causal connection between her protected activity, i.e. the EEOC claim filed against Synergy, and her termination from Concerned Care. *See Univ. of Tex. Southwest Med. Ctr. v. Nassar*, __ U.S. __, 133 S. Ct. 2517, 2524 (2103); *Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 531 (5th Cir. 2003). As discussed in the Court's Order and Reasons following trial, Thomas failed to prove that her prior EEOC filing against Synergy was the "but-for" cause of her termination, the only adverse employment action at issue.

As the credible evidence showed at trial, at least three individuals at Concerned Care, Sandy Hogan, Jody Martin, and Sheri Johnston, independently identified and recognized persistent errors in Thomas's work. While none of them exchanged this information with the others before Thomas's termination, they each recognized that Thomas's work did not improve over the term of her employment in spite of her training, and at least at first, each of them, especially Hogan and Johnston, gave Thomas the benefit of the doubt based on her short tenure and the novelty of the computer program. Still, nothing improved in Thomas's careless audits of the nursing reports leading into the insurance audits in which Martin was involved.

The cumulative effect of Thomas's failure to improve and properly audit the reports resulted in Martin's action to terminate her. At the time, the credible evidence proved that Martin did not know that Thomas had filed an EEOC complaint against her prior employer. Martin only knew that Thomas had prior disagreements with Adrienne Lacour during a prior employment. As she conceded at trial, however, Thomas had no problems with Lacour and only one work-related interaction with Lacour while at Concerned Care.

The trial evidence showed that neither the EEOC complaint nor Lacour's presence were the impetus behind Martin's actions. Thomas has not presented any basis for this Court to reconsider the evidence or alter its factual and legal conclusions presented in the Order and Reasons after trial.

Furthermore, contrary to Thomas's assertions, Martin's testimony was not inconsistent with the other information adduced about Concerned Care's operations. Specifically, Martin and the other evidence established that the nurse's reports were supposed to be approved before going to payroll for the nurses' pay to be released. However, as Martin stated at trial, as an alternative, a supervisor could authorize a paycheck to be issued without forwarding a defective report that required additional correction. This alternative means of making payroll further demonstrated that Thomas could have pursued corrected reports without preventing a salary payout to the nurses. Again, this stands as evidence that Thomas was not knowledgeable about her duties and obligations at Concerned Care and was lacking in her performance, which was the true cause of her termination.

With regard to the other contentions raised in the motion, the Court finds that Thomas has not met her burden of presenting new evidence or proving manifest error or injustice. Thomas has by no means pointed to any new evidence that would impact the Court's judgment. Her arguments

only address documentary evidence that was either presented at trial or discoverable by plaintiff before trial, such as the sworn affidavits from the EEOC proceeding and the work records from Thomas's tenure at Concerned Care, and how these documents allegedly conflicted with testimony from the various defense witnesses. The time to question the witnesses about any potential conflicting information was at trial, not as an afterthought on how known and available information and evidence could have been better utilized by the plaintiff at trial. Thomas did not use the sworn EEOC statements from the Concerned Care employees to challenge their testimony and brought forth no evidence of her own to challenge the dates of the reports relied on by the defendant to show her poor work product.

The Court finds, nevertheless, that nothing asserted by Thomas in this motion actually warrants reconsideration of the credit given to the relevant trial testimony and evidence. The Court diligently scrutinized the documentary evidence and the testimony in reaching its verdict. Without any new evidence, Thomas has failed on this point.

As a claim of manifest error, Thomas also asserts that the Court erred in failing to impute Hogan's knowledge of the EEOC complaint to Concerned Care, or to Jody Martin, as a basis for her discharge. The law does not require that the Court do so. Under Title VII, knowledge is imputed to an employer only when a fact is known to "higher management" or to someone who has the power to take action to remedy a discriminatory problem. *Sharp v. City of Houston*, 164 F.3d 923, 929 (5th Cir. 1999). For an employee to qualify as someone with sufficient remedial power to impute actual knowledge to the employer, the employee must generally possess the power to either "fire the offending employee" or take corrective action. *Id*.

Thomas failed to present any evidence at trial that Hogan had this type of authority at Concerned Care. There was no legal basis to impute Hogan's knowledge of the EEOC complaint to Martin or Concerned Care. This is consistent with the doctrine outlined in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), cited by plaintiff, which stands for the proposition that an employer is vicariously liable for discrimination caused by a supervisor only when the supervisor makes a tangible, adverse employment action against the injured employee. Thomas has failed to prove legal error.

Thomas has also failed to prove any error in the limits placed on her second effort to cross-examine Martin, who was first called on cross-examination during her case-in-chief. Thomas had no cognizable right to unlimited cross-examination opportunities. The proscribed right to confront witnesses is governed by the Sixth Amendment which "is limited by its very terms to criminal prosecutions." *Little v. City of N. Miami*, 805 F.2d 962, 968 (11th Cir. 1986). Nevertheless, this Court did not limit the scope of Thomas's cross-examination and questioning of Martin when Thomas chose to call Martin out of the normal order of court proceedings. The Court had no cause, and Thomas showed no good reason, to allow a second round of extensive cross-examination when Martin later testified for the defendant. *See* Fed. R. Ev. 611(a); *accord Akouri v. Fla. Dep't of Transp.*, 408 F.3d 1338, 1346 (11th Cir. 2005) (finding no error in trial court's time limits placed on questioning of witnesses). Thomas exercised a strategic choice to call Martin on cross-examination during her case-in-chief. Thomas did not offer any reason why her counsel was entitled to another opportunity during the defendant's case.

Even now, Thomas provides no legitimate reason to have allowed additional cross-examination. She asserts only that this Court was confused by Martin's testimony which could have

been clarified with additional cross-examination. The Court was not confused. Thomas has shown no legal error or abuse of this Court's discretion.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Thomas's Motion for New Trial (Rec. Doc. No. 45) is **DENIED** under the standards of Fed. R. Civ. P. 59 for the reasons assigned above.

New Orleans, Louisiana this 10th day of March, 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**